```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NICHOLAS B. LICATA, III,                CIVIL ACTION
ET AL.

VERSUS                                  NO. 06-7196

STATE FARM FIRE AND CASUALTY            SECTION "R"(2)
CO.
```

## ORDER AND REASONS

Before the Court is the motion of plaintiffs to remand this matter to state court. Because the Court finds that it lacks subject matter jurisdiction over this action, the Court GRANTS the motion to remand.

### I.    BACKGROUND

Plaintiffs suffered damage to their property during Hurricane Katrina and, as a result, have sued their commercial property insurance carrier. Plaintiffs filed their action in Louisiana state court, and defendant State Farm then removed it to this Court. Plaintiffs now seek to remand this matter. Defendant opposes this motion, asserting that federal

jurisdiction is proper pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  State Farm also invokes jurisdiction under 28 U.S.C. §§ 1369 and 1441, the Multiparty Trial Jurisdiction Act.  For the following reasons, neither the amount in controversy, nor the MMTJA, provides jurisdiction in this matter.

II.   **LEGAL STANDARDS**

   A.   **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the

case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.    Jurisdictional Amount**

Plaintiffs sued State Farm for breach of contract, negligence, intentional and/or misrepresentation, and unfair and deceptive trade practices, after State Farm allegedly failed to pay the amount to which plaintiffs were entitled under their commercial policy. Specifically, plaintiffs seek the full value of the damage to their property, as well as compensation for loss of use. Plaintiffs did not request a specific amount of damages in their petition. State Farm contends that the amount in controversy exceeds $75,000 because the coverage limits in plaintiffs' policy are $118,200 for the building, $35,800 for its contents, and an unlimited amount for loss of income up to twelve months. State Farm also points to plaintiffs' request for attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658.

The Court finds that it does not have diversity jurisdiction over this matter. Plaintiffs' complaint does not allege a specific type or amount of damage to their property. Nor do

plaintiffs contend that they are entitled to the limits of their policies. Defendant's reference to plaintiffs' policy limits is therefore not conclusive. As such, it is not facially apparent that plaintiffs' claims are for more than $75,000. Furthermore, defendant has presented no evidence that support a finding that plaintiffs' claims are for more than $75,000.

Finally, that the plaintiffs also seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658 does not satisfy the jurisdictional amount of $75,000. Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220. However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). Plaintiffs here do not allege in their petition an amount or type of damages, if any, that they sustained from State Farm's breach. Furthermore, State Farm provides no summary-judgment-type evidence to show that plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract. Under Section 22:658, the insurer is subject to a penalty, "*in addition*

4

*to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).  In the absence of any evidence that indicates the value of plaintiffs' claims, the Court finds that defendant has failed to meet its burden to prove by a preponderance of the evidence that plaintiffs' claims exceed the jurisdictional amount.

    **C.   Multiparty, Multiforum Trial and Jurisdiction Act**

As noted, State Farm also grounds jurisdiction on the Multiparty, Multiforum Trial and Jurisdiction Act of 2002.  State Farm asserts that there exists minimal diversity and Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore the MMTJA confers original subject matter jurisdiction over this action.  Alternatively, State Farm contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because State Farm is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here.  *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to

remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same).  The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, this  6th  day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE